<hr/>

## The People on the relation of Adna H. Gough v. The Township Board of Zilwaukie.

The highway commissioners of a township drew orders upon the township treasurer, payable out of any moneys in the treasury belonging to one of the road districts. These orders were not paid, and a mandamus was applied for to compel the township board to levy a tax on the township for their payment. But there being nothing in the case to show that the township had had the benefit of the district fund, by misappropriation or otherwise, the mandamus was denied. *

*Heard January. 16th. Decided May 30th.*

Error to Saginaw Circuit.

Gough was the holder of several orders, drawn in 1854, by the highway commissioners of Zilwaukie, on the treasurer of that township, directing him to pay to one Russell or bearer certain moneys mentioned therein, out of any moneys in the treasury belonging to road district number one. At the bottom of each order was a certificate, signed by the commissioners, that the sum was

given for labor performed or materials furnished for said road district. In 1859, the township board passed a resolution instructing the treasurer to pay no highway orders drawn prior to that year. Gough subsequently presented his orders for payment, and this being refused, applied to the township board to levy a tax for their payment; which was also refused. He then applied to the Circuit Court for a mandamus to compel the township board to levy a tax for this purpose. This application being denied, he sued out a writ of error.

It appears by the finding of facts by the Circuit Judge, that the whole amount of tax levied in the township for 1854, was $2,111,20, of which $1,000 was for highway purposes. Of the amount so levied $1,826,29 was returned to the county treasurer unpaid, and $1,188,76 of this sum was rejected as being informally assessed. The amount of orders drawn by the commissioners against the highway fund that year was nearly $1,000. During the six following years the amount raised in the township for highway purposes was $586,20, and the amount of orders drawn against the highway fund $484,33. But how much of the highway moneys collected belonged to district number one, or what disposition was made of the funds of that district, was not shown.

*Sutherland & Miller*, for plaintiff in error.

*Moore & Gaylord*, for defendant in error.

CAMPBELL J.:

This case comes for up review upon the decision of the Circuit Court for the county of Saginaw, upon the issues of law and fact arising where a mandamus was applied for to compel the respondents to vote a township tax to pay certain debts.

The relator is holder of a number of orders issued by the highway commissioners of the township in 1854, upon

the town treasurer, payable out of any moneys in the treasury belonging to road district No. 1.

As these funds were not the property of the township for general purposes, but were set apart by law to be expended in a single district, they consist only of such highway taxes as are raised in the same district. There is nothing in the case to show that the township at large has had the benefit of any of this fund, by misappropriation or otherwise. If any such fact appeared it would present a question in what way, if any, the law provides for its being restored to the use of the road district. In the absence of any such showing there can be no good reason for taxing the whole township for the benefit of a single district, and we have not been able to discover any statute either requiring or authorizing it. As the relator is not upon these facts entitled to any relief against the town, we deem it unnecessary to consider any of the other questions raised. The mandamus was properly denied, and the judgment must be affirmed, with costs.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J.:

I doubt the jurisdiction of this Court to review proceedings of this nature by writ of error; and, as the question was not discussed, I reserve my opinion upon that subject. Upon the merits I concur with my brethren.